Robert Anthony REED, III, et al., Plaintiffs,

v.

James A. RHODES, et al., Defendants.

No. C73–1300.

United States District Court,
N.D. Ohio, E.D.

July 10, 1990.

James L. Hardiman, Cleveland, Ohio, Thomas I. Atkins, Brooklyn, N.Y., David Whitaker, Beachwood, Ohio, Grover Hankins, Joyce Knox, N.A.A.C.P., Baltimore, Md., for plaintiffs.

Mark O'Neill, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for State defendants.

James G. Wyman, Mark J. Skakun, Buckingham, Doolittle & Burroughs, George Forbes, Ricardo B. Teamor, Adrienne Thompson, Stacey E. Polk, Thomas Simiele, Cleveland, Ohio, for local defendants.

## ORDER

BATTISTI, District Judge.

This action was initiated in 1973 on behalf of the plaintiff class of all black students in Cleveland Public Schools and their parents to remedy the intentional segregation of students by race. This segregation was caused by actions of state and local officials, undertaken in violation of the Fourteenth Amendment to the United States Constitution. Following trial and a finding of liability in 1976, the Court, in 1978, ordered a remedy to the Constitutional violations. The remedy commenced in 1979. Thereafter, the Court established deadlines for full compliance with the remedy (e.g., Order of June 28, 1982).

The deadlines were not met.

For more than ten years, the Court, no less the plaintiff class and the community at large, has waited for Defendants to remedy their Constitutional violations by complying with the Court's Remedial Orders, and to present evidence to that effect. The endurance of the Plaintiffs, the tolerance of the Court and, it would seem, the patience and understanding of the entire community have been tried during this period. Since at least April of 1988, members of Defendant Cleveland Board of Education have made repeated public statements regarding their intentions to move the Court for a determination of the status of compliance with its Orders.

No such motion has been filed.

Plaintiffs have correctly taken the position that Defendants must come forward and bear the burden of demonstrating that they have complied fully with Court Orders. Whatever the respective parties' motives, however, there has been no significant movement during the past several years to advance the lawsuit procedurally toward its ultimate resolution.

A rather simple, but fundamental, factual question in *Reed v. Rhodes* remains: Have the Defendants complied with the

Court's Remedial Orders? The Court sees little reason why such factual inquiry and determination (in either the affirmative or negative) ought not proceed forthwith. If Defendants are not prepared to go forward, they should say so and refrain from making pronouncements that only confuse, frustrate and traumatize the community.

Concern for the community's interest in expeditious resolution of this matter persuades the Court to initiate a first step. *See, e.g., Brown v. Board of Education,* 349 U.S. 294, 299–300, 75 S.Ct. 753, 755–756, 99 L.Ed. 1083 (1955); *Columbus v. Penick,* 443 U.S. 449, 470, 99 S.Ct. 2982, 2983, 61 L.Ed.2d 666 (1979) (Stewart, J., concurring). As outlined below, the parties must prepare to present evidence relevant to Defendants' compliance with the Court's Remedial Orders. Defendants, of course, continue to bear the burden of demonstrating their compliance with Remedial Orders.

Evaluation of evidence will proceed more expeditiously if it is received and evaluated in an orderly process by one familiar with the details of the Defendants' day-to-day activities pertaining to the Court's Remedial Orders. The Office on School Monitoring and Community Relations ("OSMCR") was charged by Order of May 4, 1978 with responsibility "to observe, assess and report on the progress of the desegregation of the Cleveland Public Schools and to foster public awareness and understanding of the desegregation process." As a regular part of its duties, OSMCR has tracked the various Remedial Orders, gathered, catalogued, and commented upon the periodic compliance reports prepared and submitted by the Defendants, and, from time to time, made reports to the Court and parties on the pace of remedial implementation and related matters. More than any other single entity, OSMCR is a repository of accurate information relevant to Defendants' compliance with Remedial Orders. Additionally, OSMCR is a creation of the Court, has earned its trust and is not a litigant with adversarial viewpoints or responsibilities.

NOW, THEREFORE, BE IT ORDERED:

1. Counsel for the parties are directed to meet and confer with the Director of OSMCR, Daniel J. McMullen, Esq. ("Director"), on or before July 20, 1990 in order to devise an orderly process pursuant to which OSMCR shall receive and evaluate evidence from the parties relevant to Defendants' compliance with Remedial Orders, and solicit evidence on matters related closely thereto. If Defendants are not prepared to go forward, their counsel should communicate that fact clearly at such meeting. Otherwise, a proposal describing the process shall be submitted to the Court by OSMCR on or before August 1, 1990.

2. Pursuant to the foregoing process, and not later than December 1, 1990, the Director shall prepare and circulate among the parties a draft report on remedial implementation. Each party may prepare and submit to the Director, within fifteen (15) days after receipt thereof, such comments on the draft report as it deems appropriate.

3. On or before February 1, 1991, the Director shall prepare and submit to the Court a report on remedial implementation, including proposed findings as to Defendants' compliance with Remedial Orders and comments and recommendations on the need for continued Court oversight, possible termination of certain extant Remedial Orders and other matters related closely thereto.

4. The parties and their counsel are directed to cooperate with OSMCR in carrying out the foregoing duties, including preparing and submitting any data or reports requested as a necessary incident of this assignment.

5. In view of the foregoing, and until further order of this Court, OSMCR is hereby relieved of submitting Quarterly Compliance Reports, as required by Order of December 9, 1987.

IT IS SO ORDERED.